UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

    Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC,

    Defendant.

_____/

Case No. 1:25-cv-933

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff, proceeding pro se, initiated this case and filed two motions for injunctive relief. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 13), recommending, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the case be dismissed and both motions denied. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 14). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants the objections to the extent that the Court declines to adopt the Magistrate Judge's recommendation to dismiss Plaintiff's claims for damages in Counts III and IV. The Court otherwise approves and adopts the Magistrate Judge's Report and Recommendation.

## I.  BACKGROUND

This case arises from Plaintiff's 2021 Mortgage and subsequent default and Defendant's foreclosure-by-advertisement. On December 11, 2024, pursuant to the Power of Sale provision

contained in Plaintiff's mortgage, a Sheriff's Deed on Mortgage Sale was issued (ECF No. 1-2 at PageID.29). Per Michigan law, the redemption period expired six months later. *See* MICH. COMP. LAWS § 600.3240.

On August 13, 2025, Plaintiff initiated this case with the filing of a "Complaint for Wrongful Foreclosure and Quiet Title" (ECF No. 1). Plaintiff, who alleges that this Court possesses both federal-question and diversity jurisdiction over the subject matter (*id.* at PageID.2), alleges the following five causes of action:

    I. Wrongful Foreclosure
    II. Quiet Title
    III. Violations of the Real Estate Settlement Procedures Act (RESPA)
    IV. Breach of Contract
    V. Unjust Enrichment

(*id.* at PageID.5–7). Plaintiff accompanied his Complaint with a motion for injunctive relief, seeking to have this Court enjoin Defendant from "initiating or continuing any eviction or dispossession action" (ECF No. 3 at PageID.47). On September 29, 2025, Plaintiff filed a second motion, reiterating his request for injunctive relief (ECF No. 9 at PageID.60) and indicating in his supporting Affidavit that a "judgment of possession" had been entered on September 18, 2025 in his "active eviction case" in state court (Aff., ECF No. 11 at PageID.66). The Magistrate Judge's Report and Recommendation and Plaintiff's Objections followed.

## II. DISCUSSION

The Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint as "frivolous" (R&R, ECF No. 13 at PageID.75). According to the Magistrate Judge, there are two bases for dismissal. First, the Magistrate Judge opines that Plaintiff is "essentially asking this Court to review the state court decision" and points out that this Court does not have jurisdiction to review the state court judgment under the *Rooker–Feldman* doctrine (*id.* at PageID.72).

Alternatively, the Magistrate Judge concludes that the doctrine of res judicata bars Plaintiff's claims (*id.* at PageID.73–74).  The Magistrate Judge also recommends that this Court deny Plaintiff's motions for injunctive relief because Plaintiff has "not made a substantial showing of a violation of any of his constitutional rights" and further failed to identify an irreparable injury (*id.* at PageID.74–75).

In his objections to the Report and Recommendation, Plaintiff argues that his case should continue "on its merits" because his Complaint raises "independent" claims about Defendant's conduct, not the validity of the state court decision (Pl. Obj., ECF No. 14 at PageID.77–78). Plaintiff also points out that he filed this case before the state court action concluded (*id.*).

Under the *Rooker–Feldman* doctrine, district courts may not consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).  The doctrine exists because 28 U.S.C. § 1257 vests jurisdiction to review final state-court judgments *solely* with the Supreme Court, even if the district court would otherwise be empowered to exercise subject-matter jurisdiction in an action under a congressional grant of authority, e.g., § 1331 (federal question) or § 1332 (diversity). *Id.* at 285, 291.

However, *Rooker–Feldman* applies "only to an exceedingly narrow set of cases." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 400 (6th Cir. 2020).  Application is specifically confined to "[(1)] cases brought by state-court losers [(2)] complaining of injuries caused by state-court judgments [(3)] rendered before the district court proceedings commenced

[(4)] and inviting district court review and rejection of those judgments." *RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387–88 (6th Cir. 2021) (quoting *Exxon*, 544 U.S. at 284).

There is no merit in Plaintiff's reliance on the pendency of his eviction proceeding to escape application of *Rooker–Feldman*. Foreclosure and eviction are separate legal proceedings. *See, e.g.*, *Bond v. U.S. Bank Nat'l Ass'n*, No. 09-14541, 2010 WL 1265852, at *5 (E.D. Mich. Mar. 29, 2010) (explaining that in a summary eviction proceeding, the debt collection process has ended, and the plaintiff is seeking possession of the property rather than monetary damages). In satisfaction of the first and third elements, the foreclosure of Plaintiff's property had concluded well before he initiated this suit. In Counts I, II, and V (as well as his motions for injunctive relief), Plaintiff seeks to undo the foreclosure, i.e., to have this Court review and reject the resolution of the foreclosure issue under state law (elements two and four). *Rooker–Feldman* bars such relief. The doctrine of res judicata similarly bars Plaintiff from pursuing these claims. *See, e.g.*, *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (holding that res judicata bars any claim regarding legal entitlement to possession, which was already litigated in the Michigan courts). Therefore, the Court agrees with the Magistrate Judge's recommendation to dismiss Counts I, II, and V.

In contrast, in Counts III (RESPA) and IV (Breach of Contract), Plaintiff does not simply challenge the validity of the foreclosure but irregularities during the foreclosure process. These claims for damages therefore do not fall within the narrow category of claims barred by *Rooker–Feldman*. *See, e.g.*, *Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 602 (6th Cir. 2014) (separating the independent claims that escape *Rooker–Feldman* from those claims that are properly dismissed). Additionally, the doctrine of res judicata does not bar these claims for damages because Michigan law expressly recognizes that the summary proceeding is "in addition to, and

4

not exclusive of, other remedies, either legal, equitable or statutory." MICH. COMP. LAWS § 600.5750. "A judgment for possession … does not merge or bar any other claim for relief." *Id.* *See Veasley v. Fed. Nat. Mortg. Ass'n*, 48 F. Supp. 3d 1008, 1018 (E.D. Mich. 2014) (holding that under Michigan's limited exception to the normal res judicata principles in foreclosure summary proceedings, there was no requirement that the plaintiff present her claims in the summary proceeding because, under the statute, they were "other claim [s] for relief"), aff'd on other grounds sub nom. *Veasley v. Fed. Nat. Mortg. Ass'n (FNMA)*, 623 F. App'x 290 (6th Cir. 2015). Consequently, on the present record, the Court declines to adopt the Magistrate Judge's recommendation to dismiss Counts III and IV of Plaintiff's Complaint on either of the bases set forth in the Report and Recommendation.

Plaintiff does not expressly challenge the Magistrate Judge's analysis of his motions for injunctive relief, and the Court agrees with the Magistrate Judge's recommendation to deny those motions as barred and/or on their merits.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 14) are GRANTED to the extent that the Court declines to adopt the Magistrate Judge's recommendation to dismiss Plaintiff's claims for damages in Counts III (RESPA) and IV (Breach of Contract). The Report and Recommendation (ECF No. 13) is otherwise APPROVED and ADOPTED as the Opinion of the Court, and Plaintiff's Counts I, II, and V are DISMISSED.

**IT IS FURTHER ORDERED** that the motions for injunctive relief (ECF Nos. 3 & 9) are DENIED.

Dated: November 18, 2025　　　　　　　　　　　　　　　　/s/ Jane M. Beckering
　　　　　　　　　　　　　　　　　　　　　　　　　　　JANE M. BECKERING
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge