UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL ROBINSON,

Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC,

Defendant.

_____/

Case No.    1:25-cv-00933

Hon.   Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.   Introduction

This Report and Recommendation (R. & R.) addresses the motion to dismiss

filed by Defendant PennyMac Loan Services, LLC, due to improper service of process

under Fed. R. Civ. P. 4(m).   ECF No. 17.   Further, this R. & R. addresses Plaintiff's

motion to for leave to file a sur-reply.   ECF No. 28.

Fed. R. Civ. P. 4(m) provides in part:

> **Time Limit for Service.**   If a defendant is not served within 90 days
> after the complaint is filed, the court—on motion or on its own after
> notice to the plaintiff—must dismiss the action without prejudice
> against that defendant or order that service be made within a specified
> time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

PennyMac argues that the Court should dismiss this action without prejudice

due to Plaintiff's failure to properly serve the summons and complaint.   Plaintiff

responds that he had no control over service of the summons and complaint after the

Court ordered the U.S. Marshals Service to perfect service on Plaintiff's behalf.

1

On October 24, 2025, the U.S. Marshals Service filed the following Process Receipt and Return:

ECF No. 15, PageID.82.   This Process Receipt and Return indicates that process was executed by service on David Reiss, Call Center Supervisor.   *Id.*

2

## II.  Motion to Dismiss

The Court may dismiss a case for insufficient service of process under Fed. R. Civ. P. 12(b)(5).   Absent proper service of process, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.   *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).   "The party on whose behalf service of process was made has the burden of establishing its validity."   *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006).   "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service."   *Id.*

Plaintiff was required to serve Defendant PennyMac in accordance with Fed. R. Civ. P. 4(h), "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."   Fed. R. Civ. P. 4(h)(B).   In addition, Plaintiff was required to mail a copy of the summons and complaint to each Defendant.   *Id.*

The Process Receipt and Return indicates that service was made on David Reisse, a Call Center Supervisor.   PennyMac says that David Reisse is not an officer or a managing or general agent of PennyMac, nor an individual authorized to receive service of process on PennyMac's behalf. ECF No. 17, PageID.94.   Further, PennyMac says that service was not made at the location of PennyMac's registered office.   *Love v. Am. Postal Workers Union*, 64 F. App'x 510, 511–12 (6th Cir. 2003) (service of process on wrong person in an office at the wrong address for Defendant

3

was insufficient).   Further, Plaintiff did not send the required copy of the summons and complaint to PennyMac.

Here, Plaintiff has not shown that service was proper.   Rather, Plaintiff argues that he was relieved of his obligation to comply with the Federal Rules of Procedure as soon as the Court granted him *in forma pauperis* and ordered service by the U.S. Marshals Service.   Plaintiff asserts that he should be allowed to rely on the U.S. Marshals Service's act in serving the summons and complaint, or that he should be allowed to rely on the fact that PennyMac received actual notice of the lawsuit.

"Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."   *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).   If Plaintiff can show good cause for his failure to effect service on PennyMac, he may be entitled to an extension of time to serve his complaint.   Fed. R. Civ. P. 4(m).   Generally, after a Plaintiff is authorized to proceed *in forma pauperis*, the Plaintiff is relieved of the duty to effectuate service of process "once reasonable steps have been taken to identify for the court defendants named in the complaint."   *Id*.   However, *in forma pauperis* status does not completely relieve a plaintiff of the responsibility to assure that service is perfected.   *Jenkins v. Michigan Dep't of Corr.*, No. 5:14-CV-11812, 2015 WL 13742653, at *3 (E.D. Mich. Sept. 23, 2015), *report and recommendation adopted,* No. 14-CV-11812, 2015 WL 6327127 (E.D. Mich. Oct. 21, 2015).

Arguably, Plaintiff should have known by October 24, 2025, when the Process Receipt and Return was filed, that service was improper under Fed. R. Civ. 4(h)(B). He could have provided an appropriate address for PennyMac to correct the faulty service.    Due to that failure, the Court could dismiss this lawsuit against PennyMac without prejudice.

Nevertheless, The *Jenkins* Court recognized that the Court could grant an extension even absent good cause.    *Id*. at \*4.    The Sixth Circuit set forth the factors that must be balanced before granting a discretionary extension:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at \*10 (6th Cir. Apr. 24, 2023) (setting out factors for a discretionary extension of time for service of process).

An extension of time is now beyond the timely service of process period. However, PennyMac would not be prejudiced and has actual notice of the lawsuit. Similarly, Plaintiff has not set forth "substantial prejudice" if the Court refuses to extend the time for service of process.    Further, Plaintiff has failed to set forth any basis for the Court to conclude that he was diligent in correcting the service error. Nevertheless, there is no indication that Plaintiff is an experienced litigant and for

5

this reason, combined with the lack of prejudice to PennyMac and notice of this lawsuit, the Court may give Plaintiff additional latitude in correcting the service of process defect.

### III.   Recommendation

Therefore, it is respectfully recommended that the Court DENY Defendant PennyMac's motion to dismiss this lawsuit due to the failure to properly serve PennyMac with a summons and complaint.   The Court could determine that Plaintiff failed to show good cause for an extension of time to correct the defective service of process; however, it is respectively recommended that the Court exercise its discretion and GRANT Plaintiff 45 days to properly serve Defendant PennyMac with a summons and complaint.

It further is recommended that the Court GRANT Plaintiff's motion to file a sur-reply.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    March 19, 2026                          /s/ *Maarten Vermaat*
                                                                 MAARTEN VERMAAT
                                                                 U.S. MAGISTRATE JUDGE

6