UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

       Plaintiff,

       Case No. 1:25-cv-933

v.

       HON. JANE M. BECKERING

PENNYMAC LOAN SERVICES, LLC,

       Defendant.
_____/

## OPINION AND ORDER

Pending before the Court are Defendant PennyMac Loan Services, LLC (PennyMac)'s objections (ECF No. 33) to the Magistrate Judge's March 19, 2026 Report and Recommendation (ECF No. 32).  Plaintiff Michael Robinson did not file any response to the objections.  For the following reasons, the objections are denied, Plaintiff's first amended complaint is stricken, and Plaintiff is required to effectuate service on PennyMac, as described in the Report and Recommendation and herein.

## I.  BACKGROUND

Plaintiff, proceeding pro se, initiated this case in August 2025 with the filing of a Complaint against PennyMac Loan Services, LLC (PennyMac).  The case was referred to the Magistrate Judge for handling of all nondispositive matters and for submission of recommendations on dispositive motions (Order of Reference, ECF No. 7).  The Magistrate Judge granted Plaintiff's motion for leave to proceed in forma pauperis, indicating, in pertinent part, that "[a]ny pleadings herein served by the United States Marshal shall be at the expense of the United States

government" (Order, ECF No. 8).  Following this Court's decision on the Magistrate Judge's screening Report and Recommendation (ECF No. 13), two claims remain:  Count III (Real Estate Settlement Procedures Act) and Count IV (Breach of Contract), which challenge irregularities during the mortgage foreclosure process (11/18/2025 Op. & Order, ECF No. 19).

Plaintiff was required to serve Defendant PennyMac in accordance with Federal Rule of Civil Procedure 4(h), "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(B).  Additionally, Plaintiff was required to mail a copy of the summons and complaint.  *See id.*  The relevant Process Receipt and Return indicates that service was made on a Call Center Supervisor (ECF No. 15).

On November 14, 2025, PennyMac, who filed a limited appearance, filed a motion to dismiss based on improper service (ECF No. 17).  Plaintiff filed a response, indicating that he had no control over service of the summons and Complaint after the Court ordered the U.S. Marshals Service to perfect service on his behalf (ECF No. 22).  PennyMac filed a reply (ECF No. 26), and Plaintiff moved for leave to file a sur-reply (ECF No. 28).

Additionally, on February 20, 2026, Plaintiff filed a First Amended Complaint, naming PennyMac and two additional Defendants, as well as new claims (ECF No. 30).

On March 19, 2026, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 32), recommending that this Court grant the motion for leave to file a sur-reply, deny the motion to dismiss, and provide Plaintiff with a 45-day period to effectuate service.  The Magistrate Judge indicated that while Plaintiff should have known that service was improper and could have supplied an appropriate address, PennyMac has actual notice of the lawsuit and would not be

2

prejudiced if the Court provides Plaintiff additional latitude in correcting the service of process defect (*id.* at PageID.221–222).  The objections at bar followed.

## II.  ANALYSIS

### A.  Standard of Review

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges.  *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1.  Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B).  The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b)(1).  An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  *Id.*  The court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

## B. Discussion

***Defendant's Motion to Dismiss.***  In its objections, PennyMac argues that the Magistrate Judge's own findings of non-diligence by Plaintiff should prompt this Court to reject the Report and Recommendation and instead grant dismissal (Obj., ECF No. 33 at PageID.229).   As recognized by the Magistrate Judge, how a district court should respond to a motion to enlarge the time for service of process depends on the unique circumstances of each case, including (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.  *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).   Whether to enlarge the timeframe is a matter that lies within the court's discretion. *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

PennyMac argues that when these factors are "properly" weighed, they compel dismissal (Objs., ECF No. 33 at PageID.230–234).   While PennyMac would have balanced the factors differently, its argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate exercise of discretion to recommend denial of PennyMac's motion to dismiss. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court as to PennyMac's motion to dismiss.

Plaintiff's submission of an amended complaint does not alter this conclusion.  A plaintiff "cannot extend the service of process period with respect to an already-named defendant by filing an amended complaint."  *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001).  Moreover, there does not appear to be any indication that Plaintiff received PennyMac's written consent to amend his Complaint, nor did Plaintiff receive leave of court to do so.  Because Plaintiff failed to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure, the First Amended Complaint is improperly filed and will be stricken.

The service methods of Rule 4 continue to apply to PennyMac.  Plaintiff has 45 days to properly serve PennyMac with a summons and the Complaint under the service methods of Rule 4(h), as outlined in the Report and Recommendation and herein.

***Plaintiff's Motion for Leave to File Sur-Reply.***  As for the Magistrate Judge's recommendation to grant Plaintiff's motion for leave to file a sur-reply, the Court will instead simply dismiss the motion as moot inasmuch as no proposed sur-reply was attached to the motion for the Court's review.  Accordingly, this Court declines to adopt the Magistrate Judge's additional recommendation to grant Plaintiff's motion for leave.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 33) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 32) is APPROVED IN PART and ADOPTED IN PART as the Opinion of the Court, as described herein.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Sur-Reply (ECF No. 28) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 17) is DENIED for the reasons stated in the Report and Recommendation.

Case 1:25-cv-00933-JMB-MV    ECF No. 34,  PageID.243    Filed 05/04/26    Page 6 of 6

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (ECF No. 30) is STRICKEN.

**IT IS FURTHER ORDERED** that within 45 days from the date of this Opinion and Order, Plaintiff shall properly serve Defendant PennyMac with a summons and the Complaint.

This case proceeds on the claims in Counts III and IV of Plaintiff's Complaint (ECF No. 1).

Dated:  May 4, 2026

/s/ Jane M. Beckering  
JANE M. BECKERING  
United States District Judge