UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC,

Defendant.
______________________________/

Case No. 1:25-cv-933

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Michael Robinson, proceeding pro se, initiated this case in August 2025 with the filing of a Complaint against PennyMac Loan Services, LLC (PennyMac). On November 14, 2025, PennyMac, who filed a limited appearance, filed a motion to dismiss based on improper service (ECF No. 17). On May 4, 2026, this Court issued an Opinion and Order, denying the motion to dismiss but further ordering that "Plaintiff has 45 days to properly serve PennyMac with a summons and the Complaint under the service methods of Rule 4(h)" (ECF No. 34).

Plaintiff did not serve PennyMac. On June 22, 2026, after the expiration of the 45-day period, Plaintiff filed a motion for an extension of time for service (ECF No. 38). PennyMac filed a response in opposition to Plaintiff's motion (ECF No. 40), as well as a second motion to dismiss (ECF No. 39). Plaintiff did not file a response to the motion to dismiss. The Magistrate Judge issued a Report and Recommendation on August 24, 2026, recommending that the Court deny Plaintiff's motion and grant Defendant's motion (R&R, ECF No. 41). Now pending before the Court are Plaintiff's objections to the Report and Recommendation (ECF No. 42), to which

PennyMac filed a response (ECF No. 43). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections.

In recommending that this Court deny an extension for service and dismiss Plaintiff's Complaint without prejudice, the Magistrate Judge reasoned that

> proper service was within Plaintiff's control and the failure to properly serve Defendant is due to his inability to find available public information. In the opinion of the undersigned, Plaintiff has not established excusable neglect necessary for a further extension of time to serve PennyMac a complaint. Accordingly, it is recommended that the Court deny Plaintiff's motion for extension of time to serve the complaint. Moreover, because Plaintiff has failed to timely serve PennyMac with a complaint, dismissal of the complaint without prejudice is appropriate.

(R&R, ECF No. 41 at PageID.279–280). *See generally United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022) (discussing the factors to consider in determining whether to grant a discretionary extension of time absent good cause).

In his objections, Plaintiff argues that the dismissal recommended by the Magistrate Judge is an "unnecessarily harsh outcome" where Plaintiff has since verified PennyMac's address and allowing an extension for service will neither prejudice PennyMac nor unduly delay proceedings (Pl. Obj., ECF No. 42 at PageID.281–282).

Plaintiff's argument fails to demonstrate any factual or legal error by the Magistrate Judge. As PennyMac points out, Plaintiff has not explained why he missed the deadline for service (ECF No. 43 at PageID.287, citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."). Neither does Plaintiff's objection reveal error in the Magistrate Judge's assessment of the circumstances of this case, which has been stagnant for more

than one year. "Actual knowledge of a lawsuit does not substitute for proper service," *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004), and, without proper service, the Court may not exercise personal jurisdiction over PennyMac. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 42) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time (ECF No. 38) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 39) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 30, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge